# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KEITH LONDON,**
   **Plaintiff,**

  v.               Case No. 14-CV-0124

**JIM SCHWOCHERT,**
**PAT TOUTANT, and**
**BRUCE FELDMAN,**
   **Defendants,**

## DECISION AND ORDER

Plaintiff, Keith London, a state prisoner, filed a pro se complaint alleging that defendants violated the Americans with Disabilities Act. This matter comes before the court on plaintiff's motion for leave to proceed in forma pauperis, plaintiff's motion for sanctions, plaintiff's motion to stay, and for screening of plaintiff's complaint.

Plaintiff has been assessed and paid an initial partial filing fee of $1.16 and made an additional payment of $1.31. I will grant his motion for leave to proceed in forma pauperis.

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled

to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

In his sworn complaint, plaintiff avers that defendants have denied him the right to work at Dodge Correctional Institution (Dodge) since March 16, 2013, solely because plaintiff is disabled. According to plaintiff, the three named defendants "through willful and wanton behavior, have denied the petitioner the rights to work, based solely on his being disabled." (Complaint at 3, ECF 1). He further avers that he was denied pay on Christian

holidays, even though plaintiff is a Muslim. Plaintiff seeks compensatory damages against defendants in their individual capacities to make up for his lost pay, as well as an additional $500,000 from each of the three named defendants.

Title II of the Americans with Disabilities Act of 1999, 42 U.S.C. § 12131, et seq., provides:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132. Title II applies to state prison inmates. See Pa. Dep't of Corr. V. Yeskey, 524 U.S. 206, 210 (1998); Stanley v. Litscher, 213 F.3d 340, 343 (7th Cir. 2000). But it is an open question whether state officers are immune from suits under the ADA. Norfleet v. Walker, 684 F.3d 688, 690 (7th Cir. 2012) (citing United States v. Georgia, 546 U.S. 151, 158-59 (2006)).

I will also consider plaintiff's claim under the Rehabilitation Act, 29 U.S.C. § 701 et seq., because courts must analyze a litigant's claims and not just the legal theories he propounds. See Norfleet, 684 F.3d at 690. The relief available under the ADA and the Rehabilitation Act is "coextensive" and, with respect to plaintiff's claims, "the analysis governing each statute is the same except that the Rehabilitation Act includes as an additional element the receipt of federal funds, which all states accept for their prisons." Jaros v. Illinois Dept. of Corrections, 684 F.3d 667, 671 (7th Cir. 2012) (citations omitted).

"To state a claim under the Rehabilitation Act, [plaintiff] need only allege that (1) he is a qualified person (2) with a disability and (3) the Department of Corrections denied him access to a program or activity because of his disability." Id. According to plaintiff, he has

3

been denied the right to work because of his disability. This is sufficient to state a claim under the Rehabilitation Act.

Plaintiff does not describe his disability in his complaint, but I am obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Plaintiff's averment is enough for a pro se litigant to avoid dismissal at this stage.

The bigger hurdle is that plaintiff has sued each of the defendants in his or her individual capacity and seeks only monetary damages. Unlike § 1983, which involves a deprivation visited upon a plaintiff by a person or persons acting under color of state law, Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009), employees of the Department of Corrections are not "amenable to suit under the Rehabilitation Act or the ADA" in their individual capacities. Jaros, 684 F.3d at 670 (citing 29 U.S.C. § 794(b) and 42 U.S.C. § 12131). I will allow plaintiff's claims under the Rehabilitation Act and the ADA to proceed against Warden Jim Schwochert in his official capacity, having implied that a claim under the ADA or the Rehabilitation Act includes a request for injunctive relief. See id. at 670 n.2 (noting that mis-naming defendants "is the sort of pleading gaffe that, ordinarily, district courts should give pro se plaintiffs a chance to correct" and altering the case caption to reflect the proper defendant).

On April 17, 2014, plaintiff filed a motion for sanctions against defendant Pat Toutant. She is an employee in the Business Office at Dodge Correctional Institution and also serves as Dodge's ADA Coordinator. According to plaintiff, Toutant must endorse all checks that are sent out of the institution for payment and she withheld plaintiff's disbursement request and his pre-paid envelope from being mailed on March 13, 2014.

4

Plaintiff submits that this constitutes tampering with the U.S. Mail, a federal offense, and asks for $100,000 in sanctions against Toutant. He also asks me to bar Toutant from any business transactions while this case is pending that might adversely affect the outcome of the case. Plaintiff's initial partial filing fee was due 21 days after March 7, 2014, or March 28, 2014. The court received the initial partial filing fee in this case on March 17, 2014, well before the deadline. Plaintiff suffered no harm from any brief delay in the mailing of his initial partial filing fee, and I will deny his request for sanctions against defendant Toutant.

Finally, on September 2, 2014, plaintiff filed a motion asking me to stay all order and rulings until the United States Court of Appeals for the Seventh Circuit could rule on a petition for mandamus he filed there. I have been working on plaintiff's pending cases and preparing screening orders in the two cases in which he has paid his initial partial filing fee. Accordingly, I will deny plaintiff's motion to stay in this case and issue this decision.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to *proceed in forma pauperis* (Docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for sanctions (Docket #10) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to stay all order and rulings (Docket #13) is **DENIED**.

**IT IS FURTHER ORDERED** that the following defendants are **DISMISSED** from this action: Pat Toutant and Bruce Feldman.

5

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on state defendant Jim Schwochert.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, defendant Schwochert shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $347.53 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. Plaintiff should also retain a personal copy of each document filed with the court.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 10th day of September, 2014.

                                                 s/ Lynn Adelman
                                                 _____
                                                 LYNN ADELMAN
                                                 District Judge