**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**KEITH LONDON,**
**Plaintiff,**

**v.** **Case No. 14-CV-0124**

**JIM SCHWOCHERT,**
**Defendant,**

---

**DECISION AND ORDER**

Plaintiff, Keith London, filed a pro se complaint alleging violations of the Americans with Disabilities Act (ADA) and the Rehabilitation Act. In a screening order entered September 10, 2014, I allowed plaintiff to proceed on ADA and Rehabilitation Act claims against Warden Jim Schwochert in his official capacity regarding plaintiff's claim that he was denied employment at Dodge Correctional Institution due to his disability.

On December 30, 2014, defendant Schwochert brought a motion to dismiss. Plaintiff's response to that motion was due 21 days later; plaintiff filed no response. On March 18, 2015, when plaintiff's response was already almost two months overdue, I issued an order directing plaintiff to respond to defendant's motion to dismiss on or before April 17, 2015. I advised plaintiff that failure to respond would result in dismissal of this action. Yet plaintiff did not file a response to the motion by that date. Instead, plaintiff filed a seventeen-page document entitled Plaintiff's Formal Demands for Discovery and Disclosures for Inspection. I will deny plaintiff's motion (ECF No. 31) because the case was not procedurally ready for a Scheduling Order at this time.

On May 13, 2015, defendant filed a motion to dismiss with prejudice for failure to prosecute. They submitted that plaintiff's April 17, 2015 filing was not responsive to their

motion. Also on May 13, 2015, plaintiff filed a 33-page document entitled, Motion to Amend Movant's Complaint & Annex Named Respondents; Motion to Extend Deadline for the Moving Party's Responding Brief. Despite its title, this document is actually plaintiff's response to the defendant's motion to dismiss. And implicit in this document is a request for an extension of the April 17, 2015, deadline. Although the plaintiff's response was untimely, I will grant plaintiff's motion for extension of time (ECF No. 33) and consider the merits of the defendant's motion to dismiss. I will deny defendant's motion to dismiss with prejudice for failure to prosecute (ECF No. 32).

On June 17, 2015, defendant asked the court to stay the case until his motion to dismiss could be decided. Defendant maintains that he should not be required to respond to any of plaintiff's filings until I decide his motion to dismiss. I will deny this motion (ECF No. 34), as no formal stay is or was necessary. I will not penalize defendant for the decision not to respond to any of plaintiff's motions or discovery demands.

Finally, on June 23, 2015, plaintiff filed a document containing several motions and an appendix of exhibits and relevant documents. Plaintiff now wants sanctions and a scheduling conference under Federal Rule of Civil Procedure 16. Plaintiff suggests that he had a total lack of access to his medical records and the law library and that he could not respond to defendant's motion because he did not have access to the law library. I will deny plaintiff's motions for sanctions and for a hearing (ECF No. 35). I have considered plaintiff's response to defendant's motion to dismiss, and scheduling will proceed in due course, if necessary, though generally I issue written Scheduling Orders in pro se prisoner cases. Plaintiff also asks me to "dismiss" defendant's motion to dismiss for failure to

prosecute. I have already denied that motion so this motion will also be denied (ECF No. 35).

## MOTION TO DISMISS

The defendant filed his motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). For purposes of deciding this motion, I accept the allegations in plaintiff's complaint as true and draw all possible inferences in the plaintiff's favor. See Foxxxy Ladyz Adult World, Inc. v. Vill. of Dix, 779 F.3d 706, 711 (7th Cir. 2015).

### 1. ADA

The defendant argues that plaintiff's employment-related claims may not proceed under Title II of the ADA. He submits that Brumfield v. City of Chicago, 735 F.3d 619, 626 (7th Cir. 2013), is controlling and asks me to dismiss plaintiff's ADA claims with prejudice.

The ADA "forbids discrimination against persons with disabilities in three major areas of public life: employment, which is covered by Title I of the statute; public services, programs, and activities, which are subject to Title II; and public accommodations, which are covered by Title III." Tennessee v. Lane, 541 U.S. 509, 516-17 (2004). In Brumfield, the Court of Appeals for the Seventh Circuit considered a lawsuit filed by a former Chicago police officer who alleged that she was unlawfully fired under Title II of the ADA and Section 504 of the Rehabilitation Act. 735 F.3d at 622. She also filed a separate lawsuit alleging a claim under Title I of the ADA. Id. The court held that "Title II of the ADA does not cover disability-based employment discrimination." Id. at 630.

In Brumsfield, the court distinguished between claims under Title I and claims under Title II:

> Title II provides that state and local governments may not exclude eligible disabled persons from 'participation in' or 'the benefits of' governmental 'services, programs, or activities' or otherwise 'subject' an eligible disabled person 'to discrimination.' See 42 U.S.C. § 12132. Title I, in contrast, specifically prohibits *employment* discrimination on the basis of disability. See id. § 12112(a).

Id. at 622 (emphasis in original). After a thorough discussion of this distinction and the language and purposes of Titles I and II, the Seventh Circuit concluded, "Title II is clearly inapplicable to employment discrimination because Title I specifically, comprehensively, and exclusively addresses disability discrimination in employment." Id. at 628. Consequently, the court held "that Title II of the ADA does not cover disability-based employment discrimination. Instead, employment-discrimination claims must proceed under Title I of the ADA, which addresses itself specifically to employment discrimination and, among other things, requires the plaintiff to satisfy certain administrative preconditions to filing suit." Id. at 630 (citations omitted).

This does not mean, however, that plaintiff's claims regarding employment in prison may not properly proceed under Title II of the ADA. The Supreme Court has held that Title II of the ADA applies to prisoners because "[m]odern prisons provide inmates with many recreational 'activities,' medical 'services,' and vocational 'programs,' all of which at least theoretically 'benefit' the prisoners (and any of which disabled prisoners could be 'excluded from participation in')." Penn. Dep't Of Corr. v. Yeskey, 524 U.S. 206, 210 (1998). Brumfield does not purport to overrule the Supreme Court's holding as it relates to inmates participating in vocational programs, i.e., prison jobs.

> [T]he only people who can invoke the protection of Title II are those who are eligible to receive or participate in the services, programs, or activities offered by state and local governments,

> the statute's prohibition against discrimination is properly read to cover all types of disability discrimination in the "outputs" of state and local government – their very delivery of public services, programs, and activities to eligible participants."

Brumfield, 735 F.3d at 628. Under Yeskey, prisoners are covered by Title II, and any prison job would be an "output" of the prison. Also, I am unaware of any authority that an inmate with a prison job is an employee who could sue under Title I and thus render his Title II claims redundant. At this stage, I cannot conclude that Brumfield precludes plaintiff's claims under Title II of the ADA.

**2. Exhaustion**

In the alternative, the defendant argues that I should dismiss all of plaintiff's claims without prejudice because plaintiff failed to exhaust his administrative remedies. In support of this motion, the defendant cites only two boxes checked on page one of plaintiff's complaint form. One acknowledges that there is a grievance procedure at his institution, and the other states that plaintiff did not file a grievance regarding the facts relating to this complaint.

Plaintiff makes several arguments in response to this motion. First, plaintiff argues that Title II of the ADA does not have an exhaustion requirement. See Staats v. County of Sawyer, 220 F.3d 511, 518 (7th Cir. 2000). Plaintiff misinterprets Staats, which actually noted, "it is unclear if Title II of the ADA applies to public employer, and, if so, whether administrative exhaustion requirements apply." Id. In Staats, the court went on to say that the Seventh Circuit has "yet to decide whether Title II, like Title I, requires that plaintiffs first exhaust their state court remedies before they may seek their federal remedies in federal court." Id. Regardless of whether Title II requires exhaustion of state court remedies, the

Prison Litigation Reform Act (PLRA) contains an exhaustion requirement that applies because plaintiff was incarcerated when he filed it.

Pursuant to 42 U.S.C. § 1997(e)(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. Exhaustion of administrative remedies is a condition precedent to suit. Dixon v. Page, 291 F.3d 485, 488 (7th Cir. 2002) (citing Perez v. Wis. Dep't of Corrs., 182 F.3d 532, 535 (7th Cir. 1999)). Section 1997e applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Further, the PLRA exhaustion requirement requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. Woodford v. Ngo, 548 U.S. 81, 88, 93 (2006); see also Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require"). Exhaustion is an affirmative defense, and the burden of proof is on the defendants. Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006) (citing Dale v. Lappin, 376 F.3d 652, 655 (7th Cir. 2004)).

Plaintiff's second argument is that he was instructed not to use the inmate complaint review system (ICRS) due to the volume and frequency of his complaints. According to plaintiff, he was instructed to submit all of his complaints to a particular staff member in the Health Segregation Unit. There are documents plaintiff submitted that call into question when this different procedure applied. For example, there are memoranda instructing

plaintiff to use the ICE process, though one could infer that he had different instructions before the memos.

The Seventh Circuit recently weighed in on a prisoner's duty to exhaust when he has received conflicting instructions regarding how to exhaust.

> Although "when administrative procedures are clearly laid out ... an inmate must comply with them in order to exhaust his remedies," Pavey v. Conley, 663 F.3d 899, 905 (7th Cir. 2011), we have in this case, as in Roberts v. Neal, 745 F.3d 232 (7th Cir. 2014), a muddle created by the people running the jail. When a jail official invites noncompliance with a procedure the prisoner is not required to follow the procedure. Curtis v. Timberlake, 436 F.3d 709, 712 (7th Cir. 2005). When jail personnel misleads inmates about how to invoke the procedure the inmates can't be blamed for failing to invoke it. Dillon v. Rogers, 596 F.3d 260, 268 (5th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1224-25 (9th Cir. 2010); Brown v. Croak, 312 F.3d 109, 112-13 (3d Cir. 2002).

Swisher v. Porter County Sheriff's Dep't, 769 F.3d 553, 555 (7th Cir. 2014).

At this motion to dismiss stage, plaintiff has presented enough to suggest that he was instructed to follow a different exhaustion procedure. As a result, checking the box no on his complaint regarding the use of grievance procedures is not fatal to plaintiff's claims.

I will deny defendant's motion to dismiss (ECF No. 28) and direct defendant to file an answer to plaintiff's complaint. I will issue a Scheduling Order once that answer has been filed.

**PLAINTIFF'S MOTION TO AMEND**

Finally, I turn back to the document plaintiff filed on May 13, 2015. In addition to the response to defendant's motion to dismiss and the motion for extension of time, plaintiff asked to amend his complaint and add new parties. I will deny this motion (ECF No. 33). Procedurally, plaintiff's motion fails to comply with Civil Local Rule 15(b) (E.D. Wis.)

because plaintiff did not "state specifically what charges are sought" or submit a proposed amended pleading. Substantively, plaintiff wants to reinstate a number of individual defendants who were dismissed at screening and to add new defendants too. Such an amendment would be futile because "employees of the Department of Corrections are not amenable to suit under the Rehabilitation Act or the ADA." Jaros v. Illinois Dep't of Corrections, 684 F.3d 667, 670 (7th Cir. 2012) (citations omitted).

Plaintiff also makes substantive arguments regarding the open question of whether sovereign immunity precludes suits for damages, but that issue is not presently before me. In addition to requests to amend, plaintiff's lengthy motion seems to ask me to reconsider my screening order and to allow plaintiff to take an interlocutory appeal. Neither of these motions is fully developed, and I will deny them both.

**ORDER**

**THEREFORE, IT IS ORDERED** that defendant's motion to dismiss (Docket #28) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for order formally compelling a mandatory period for discovery (Docket #31) is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss with prejudice for failure to prosecute (Docket #32) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend complaint and annex named defendants (Docket #33) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to respond to motion to dismiss (Docket #33) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant's motion to stay pending resolution of motion to dismiss (Docket #34) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to dismiss (Docket #35) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to sanction the named defendants (Docket #35) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for mandatory pre-trial scheduling conferencing meetings (Docket #35) is **DENIED**.

**IT IS FURTHER ORDERED** that defendant shall file an answer within 21 days of this Order. I will then issue a scheduling order.

Dated at Milwaukee, Wisconsin, this 2nd day of September, 2015.

s/ Lynn Adelman

LYNN ADELMAN
District Judge