# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KEITH LONDON,
   Plaintiff,

 v.               Case No. 14-CV-0124

JIM SCHWOCHERT,
   Defendant,

## DECISION AND ORDER

On January 28, 2016, I granted defendant Jim Schwochert's motion to stay proceedings pending resolution of plaintiff's interlocutory appeal. The United States Court of Appeals for the Seventh Circuit dismissed that appeal on March 17, 2016. Accordingly, I will lift the stay and direct plaintiff to respond to defendant's motion to dismiss, which was filed January 15, 2016.

Plaintiff also has several pending motions that I will address now.

On October 5, 2015, plaintiff filed a one-page document entitled, "Plaintiff's Demands for Mandatory Pre-Trial Resolution Conferences/Meeting; or Alternate Conference to Discuss Informal Transferences of Discoverable Tangible Disclosures & Documents/Evidence for Inspection; as well as Other Discovery." (ECF No. 42). What plaintiff wanted was a pre-trial conference under Federal Rules of Civil Procedure 16 and 26(f). However, pro se actions brought by prisoners are exempt from Rule 26 initial disclosures and discovery planning conferences. See Fed. R. Civ. P. 26(a)(1)(B)(iv) and 26(f)(1). I also had already entered a written Scheduling Order in this case on September 22, 2015. (ECF No. 40). I will deny this motion.

Also on October 5, 2015, plaintiff submitted a motion for preservation of electronic discovery. The scope of plaintiff's request is broad and includes information outside the control of defendant Schwochert; he has no control over any Milwaukee County facility. Additionally, his request regarding Dodge Correctional Institution is impermissibly broad. He asks for "Any and all Declared Electronically Stored Information Discoverable - which refers to, "Metadata; e-mail attachments, & unprinted documents; internet browsing history; as well as any electronic documents- which have been deleted, howbeit- still on back up disks." He also wants digital footage from cell number 4 in the infirmary at Dodge correctional Institution.

On November 12, 2015, plaintiff filed a number of documents, including a two-page document called both a motion to compel mandatory court imposed discovery period and a motion for court imposed sanctions. Apparently, on or about October 16, 2015, the State of Wisconsin improperly obtained some of plaintiff's privileged papers, including correspondence between plaintiff and his state-appointed criminal defense attorney and plaintiff's work product regarding other cases pending in this court. Plaintiff requests sanctions because he is now at a severe disadvantage due to the secret and sensitive nature of the materials. Plaintiff further states that a Mr. Scot Gallinger unlawfully and illegally directed Wisconsin Department of Corrections employees to seize all of plaintiff's legal and confidential materials to search for contraband. Plaintiff asserts that this is not the first time plaintiff's personal effects have been seized. Defendants filed a letter response to these motions and argued they were incomplete and bordering on unintelligible.

Plaintiff does not connect the allegations in his motions to this case. Accordingly, I will not compel defendant Schwochert to take any action. Nor will I impose any sanctions. To the extent plaintiff asks for a court-imposed discovery period, my September 22, 2015, Scheduling Order provided a discovery cut-off of December 18, 2015.

One of the other documents plaintiff filed on November 12, 2015, was a proposed order to show cause. I will construe this as a motion for preliminary injunction and deny it. To obtain preliminary injunctive relief, whether through a TRO or preliminary injunction, the plaintiff must show that (1) his underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. Wood v. Buss, 496 F.3d 620, 622 (7th Cir. 2007). If those three factors are shown, the court must then balance the harm to each party and to the public interest from granting or denying the injunction. Id.; Korte v. Sebelius, 735 F.3d 654, 665 (7th Cir. 2013); Cooper v. Salazar, 196 F.3d 809, 813 (7th Cir. 1999). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, 555 U.S. 7, 22 (2008) (citing Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam)). Plaintiff did not make the required showing.

**THEREFORE, IT IS ORDERED** that the stay of these proceedings is **LIFTED**.

**IT IS FURTHER ORDERED** that plaintiff shall file a response to defendant's motion to dismiss on or before **Thursday, April 21, 2016**. Failure to file a timely response may result in dismissal of this action pursuant to Civil Local Rule 41(c) (E.D. Wis.).

**IT IS FURTHER ORDERED** that plaintiff's motion for mandatory resolution conferences or alternate conferences regarding discovery (Docket # 42) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for preservation of any mandatory discovery stored in electronic format (Docket # 43) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel (Docket # 46) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for sanctions (Docket # 46) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's request for preliminary injunction (Docket # 47) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 23rd day of March, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge

## Civil Local Rule 41(c)
## Dismissal for Lack of Diligence

Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, and Civil L. R. 41(a) or (b) does not apply, the Court may enter an order of dismissal with or without prejudice. Any affected party may petition for reinstatement of the action within 21 days.